IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   DAVID BASIL SEE, JR., et al.,

                Debtors.

BLACKBURN PRE-OWNED AUTO, LLC,

                Appellant,

v.                                        CIVIL ACTION NO.  2:10-cv-01066

ROBERT L. JOHNS, et al.,

                Appellees.

**MEMORANDUM OPINION & ORDER**

Blackburn Pre-Owned Autos, LLC appeals the bankruptcy court's Order Granting Trustee's Motion for Summary Judgment. For the reasons discussed below, the ruling of the bankruptcy court is **AFFIRMED.**

**I.**    **Background**

On May 9, 2005, the debtor, Carolyn Marie See (the "Debtor") and the appellant, Blackburn Pre-Owned Autos, LLC ("Blackburn") entered into a Retail Installment Contract and Security Agreement ("Agreement"). Pursuant to the Agreement, the Debtor purchased a 2000 Volvo and borrowed $10,539.94 from Blackburn. Blackburn obtained a security interest in the car. On July 5, 2005, Blackburn perfected its security interest in the car by placing its name and address on the face of the West Virginia Certificate of Title. A few months later, on September 30, 2005, the Debtor, along with her husband, David Basil See, Jr., filed a Chapter 7 bankruptcy petition.

On May 31, 2006, Robert L. Johns, the Trustee of the Sees' bankruptcy estate (the "Trustee"), filed a Complaint in the United States Bankruptcy Court for the Southern District of West Virginia. The complaint alleged that, "[p]ursuant to 11 U.S.C. § 547(c)(3)(b)[,] the lien of the Dealership is avoidable by the Trustee." [Docket 2-6, at 2.] The Trustee requested the following relief: (1) that Blackburn's lien be avoided in its entirety; (2) that Blackburn's claim be considered that of a general unsecured claim holder; (3) that Blackburn be required to return payments it received from the Sees within ninety days before filing bankruptcy and any post-petition payments; and (4) that Blackburn and its agents or debtors be required to turn over the car to the Trustee.

On January 31, 2007, the Trustee filed a motion for summary judgment, and soon thereafter, the car was destroyed in a fire. Blackburn then filed a claim with Hartford Insurance and received payment of insurance proceeds in the amount of $5,809.50. The bankruptcy court granted the Trustee's motion for summary judgment, holding that the lien should be avoided and that Blackburn should be reduced to an unsecured creditor. However, on November 5, 2007, the bankruptcy court issued an order setting aside its summary judgment order "until such time the court may conclude a full hearing on the Plaintiff's motion for Summary Judgment on a later date to be determined and noticed." [Docket 2-11.] On December 23, 2009, the Trustee filed another motion for summary judgment. In this second motion for summary judgment, the Trustee also claimed to be entitled to the insurance payment that Blackburn received from Hartford due to the fire. The bankruptcy court granted the Trustee's second motion for summary judgment, ordering that Blackburn's lien is avoided and that Blackburn's claim is to be considered a timely filed unsecured claim. The bankruptcy court further ordered Blackburn to

pay the Trustee $5,809.50 plus interest, and ordered that the Trustee shall not be entitled to the pre-petition payments received by Blackburn.

On March 5, 2010, Blackburn filed a motion for relief from the order granting summary judgment to the Trustee, which was subsequently denied. On March 19, 2010, Blackburn filed its notice of appeal to this court, and its motion to stay pending appeal was granted. On appeal, Blackburn argues that the bankruptcy court made several errors of law, which will be addressed in turn below.

## II.     Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes district courts to hear appeals of "final judgments, orders, and decrees" entered by bankruptcy judges. In the bankruptcy context, orders are deemed to be final if they dispose of discrete disputes within the larger bankruptcy case, particularly when the order finally disposes of a creditor's claim. *See In re Computer Learning Ctrs.*, 407 F.3d 656, 660 (4th Cir. 2005); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (applying a broad view of finality of judgment for appeal purposes from district court to appellate court in bankruptcy cases).

## III.    Standard of Review

A bankruptcy court's findings of fact will not be disturbed "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013. Under this standard, "findings of fact will be affirmed unless [the appellate court's] review of the entire record leaves [it] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985). The bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Johnson*, 960

F.2d 396, 399 (4th Cir. 1996). Mixed questions of law and fact are reviewed "under a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *U.S. Dept. of Health & Human Servs. v. Smitley,* 347 F.3d 109, 116 (4th Cir. 1996) (citation omitted). Finally, decisions made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion. *In re Hawley Coal Mining Corp.,* 47 B.R. 392, 394 (S.D. W. Va. 1984).

**IV.**   **Discussion**

    **A.**   **The Lien is a Preferential Transfer Under 11 U.S.C. § 547 and was not Made in the Ordinary Course of Business.**

Blackburn first argues that the bankruptcy court erred in classifying the lien as a preferential transfer under 11 U.S.C. § 547, which provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property - - (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made - - (A) on or within 90 days before the date of filing of the petition.

11 U.S.C. § 547(b). Blackburn does not contest the applicability of the above provision. Rather, Blackburn argues that the lien cannot be avoided because it falls under the "ordinary course of business" exception found in 11 U.S.C. § 547(c)(2), which states:

> (c) The trustee may not avoid under this section a transfer - - (2) to the extent that such transfer was (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; and (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).[1] The statute does not define the term "ordinary course of business." The Trustee responds by arguing that the "ordinary course of business" defense applies to the

---

[1] This section has since been amended, but the 1994 version quoted above applies to the instant dispute.

4

"routine operation of a debtor and creditor who regularly conduct business. It is not for a consumer debtor's one time purchase of a vehicle." [Docket 5, at 8.]

Section 547(c)(2) provides a three-part test, and each of its subsections must be satisfied. *See Advo-System, Inc. v. Maxway Corp.*, 37 F.3d 1044, 1047 (4th Cir. 1994). Subsection (B) employs a subjective analysis, looking at the "ordinary course of business or financial affairs of the debtor and the transferee." 11 U.S.C. § 547(c)(2)(B); *see also Advo-System, Inc.*, 37 F.3d at 1047 (stating that "the use of subsection B's subjective approach under subsection C would render subsection C superfluous"); *In re Air South Airlines, Inc.*, 247 B.R. 153, 160-63 (Bankr. D.S.C. 2000) (stating that "Subsection B is the subjective component . . . and involves the analysis of the business practices which were unique to the particular parties under consideration.") (internal quotations omitted); *In re Fred Hawes Org., Inc.*, 957 F.2d 239, 244 (6th Cir. 1992) ("The subjective prong (subsection (B)) requires proof that the debt and its payment are ordinary in relation to other business dealings between *that* creditor and *that* debtor.") (emphasis in original). As the Fourth Circuit explained, "the focus of the inquiry must be directed to an analysis of the business practices which were unique to the parties under consideration." *In re Jeffrey Bigelow Design Grp. v. First Am. Bank of Md.*, 956 F.2d 479, 486 (4th Cir. 1992). In determining whether a transfer falls under subsection (B), courts may consider factors such as "the history of the parties' dealings with one another, timing, the amount at issue, and the circumstances of the transaction." *In re Murray, Inc.*, 392 B.R. 288, 295 (B.A.P. 6th Cir. 2008); *see also In re Tenn. Chem. Co.*, 112 F.3d 234, 237 (6th Cir. 1997). The transfer at issue here does not fall under the § 547(c)(2) "ordinary course of business" exception because there was no "ordinary course of business" between the debtor and the transferee. The two

parties had no sustained business relationship. Instead, they participated in a single sale and purchase of a consumer product.[2]

### B. The Trustee was Named Loss Payee on the Insurance Policy and was thus Entitled to the Insurance Proceeds from Hartford.

Next, Blackburn challenges the bankruptcy court's decision to order Blackburn to pay the Trustee the $5,809.50 in insurance proceeds that it obtained from Hartford as a result of the car being destroyed by fire.

Both parties agree that the designated loss payee is entitled to the insurance proceeds. [Docket 4, at 15; Docket 5, at 10.]; *see also Fuller v. Stonewall Cas. Co. of W. Va.*, 304 S.E.2d 347, 348 (W. Va. 1983) ("[A] lienholder who is named as loss payee on an insurance policy is entitled to the insurance proceeds to the extent of the amount of his debt which is independent of the claim of other lien or judgment creditors."). Blackburn states that it was named as loss payee on the insurance policy covering the motor vehicle. According to Blackburn, the validity of the lien does not affect its right to receive payment from the insurance company "considering the appellant was entitled to the proceeds prior to the adjudication of the validity of the lien." [Docket 4, at 15.]

The Trustee responds by claiming that as of December 11, 2006, it was named as the loss payee and was thus designated to receive the insurance proceeds. The Trustee submitted a Lienholder Notification from Hartford which designates the Trustee as "Loss Payee/Lienholder" and states the change effective date as December 11, 2006.

---

[2] Blackburn's second argument appears to be a reiteration of its first argument that the ordinary course of business exception should apply. To any extent that Blackburn argues that its perfection of the security interest after twenty days as required by § 547(c)(3)(B), but before sixty days as allowed by W. Va. Code § 17A-4A-4, does not allow the trustee to avoid the security interest, this argument fails under *Fidelity Financial Servs., Inc. v. Fink*, 522 U.S. 211, 221 (1998) (holding that a creditor may invoke the enabling loan exception of § 547(c)(3) "only by acting to perfect its security interest within 20 days after the debtor takes possession of its property.").

6

In its reply brief, Blackburn again asserts that it was the named loss payee. However, Blackburn provides no evidence to controvert the Trustee's evidence that it was the loss payee as of December 11, 2006. Accordingly, the bankruptcy court did not err in awarding the insurance proceeds to the Trustee.

### C. The Bankruptcy Judge was not Required to Hold a Hearing Before Granting the Trustee's Second Motion for Summary Judgment.

Finally, Blackburn notes that the bankruptcy court granted its motion to vacate the original summary judgment order "until such time the court may conclude a full hearing on the Plaintiff's Motion for Summary Judgment on a later date to be determined and noticed." [Docket 2-11.] Blackburn complains that the bankruptcy court failed to conduct a full hearing on its motion for summary judgment after stating its intention to do so. The Trustee responds by asserting that the bankruptcy court had authority to grant its motion for summary judgment, despite setting aside its first order.

Blackburn does not direct this Court to any provision in the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Bankruptcy Rules that require the bankruptcy court to hold a hearing on a summary judgment motion. A review of the applicable Rules show that they do not require courts to hold a hearing before deciding such motions, despite any assurances to do so.[3] *See Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012) ("There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing."); *Coakley & Williams Constr., Inc. v. Structrual Concrete Equip., Inc.*, 973 F.2d 349, 351-52 (4th Cir. 1992) (holding that decision to grant summary judgment without hearing is within discretion of courts). Rather, the bankruptcy court may, if a party fails to address another party's assertion of fact, "consider the fact undisputed for purposes of the

---

[3] The applicable Federal Rule of Bankruptcy Procedure, 7056, incorporates Federal Rule of Civil Procedure 56. *See* FED. R. BANKR. P. 7056.

7

motion," or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED R. CIV. P. 56(e); *see also In re Manhattan Woods Golf Club, Inc.*, 192 B.R. 80, 84-85 (Bankr. S.D.N.Y. 1996) (dismissing claims without a hearing where bankruptcy court found no genuine issues of material fact); *In re Dobbs*, Bankruptcy No. 08-72469-ast, 2009 WL 789402, at *2 (Bankr. E.D.N.Y. Mar. 13, 2009) (bankruptcy court decided on motions for summary judgment without holding a hearing).

Blackburn argues that it "was never given the chance to appear or be heard in Court to argue its position on the Appellee's second Motion for Summary Judgment." [Docket 6, at 8.] However, Blackburn fails to explain why it never filed a response to the second motion for summary judgment filed by the Trustee. Finally, Blackburn does not identify any evidence that it was planning to submit at a hearing that would have affected the outcome of this dispute, and thus shows no prejudice resulting from the lack of a hearing on the motion for summary judgment. Therefore, I find no reversible error in the bankruptcy court's decision to decide the summary judgment motion on the briefing. In conclusion, the bankruptcy court's ruling is **AFFIRMED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 22, 2012

Joseph R. Goodwin, Chief Judge